**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ElectroMedical Technologies Incorporated, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Kirstjen Nielsen, et al., <br><br> Defendants. | No. CV-18-00508-PHX-GMS <br><br> **ORDER** |

Pending before the Court is ElectroMedical Technologies Inc.'s appeal of two administrative determinations by the United States Citizenship and Immigration Services ("CIS"). For the following reasons, the Court will affirm the decisions of CIS.

**BACKGROUND**

To become a lawful permanent resident of the United States, applicants must follow a series of steps. An employer can file a I-129 petition with CIS requesting an H1-B visa for a qualified employee. This visa is typically valid for three years. Employers can later request an extension of the visa, but typically H1-B visas do not last for more than six years. Once an H-1B visa is issued, the employer can then file a for a Labor Certificate Provision from the Department of Labor and an I-140 petition with CIS. Once the I-140 petition is approved, then the person can apply for adjustment to legal permanent resident status by filing a I-485 application.

Peter Gajic and ElectroMedical challenge two decisions by CIS in this lawsuit. First, they challenge CIS's decision to reject Plaintiffs' I-129 request for an extension of Gajic's H-1B visa. This was the third I-129 application ElectroMedical filed after their lawsuit in the District of Arizona challenging a separate decision of CIS was dismissed in 2013. Plaintiffs argued to CIS that Gajic is eligible for a retroactive extension of his H-1B visa—even though it expired years ago in 2009—because the delay was caused by ineffective assistance of counsel. To support its argument, ElectroMedical attached a letter from Attorney Salmon, who represented the company until 2012. In its decision, CIS found that the delay may have been initially caused by ineffective assistance of counsel, but the delay was not commensurate with the circumstances, and denied the application.

Plaintiffs also challenge an April 2017 decision by CIS denying an I-485 application for an adjustment of status for Peter Gajic, his wife, and son. CIS denied this application because Gajic and his family were unlawfully present in the United States for many years without a valid H-1B visa, and the agency found that the explanation for their extended unlawful presence was not commensurate with the circumstances.

The two issues before the Court are (1) whether the Court has jurisdiction to review the two CIS decisions and, if so, (2) whether the agency's decisions were arbitrary, capricious, unsupported by substantial evidence or otherwise unlawful.

**DISCUSSION**

**I. Standard of Review**

When reviewing of agency actions under the Administrative Procedure Act, courts must "hold unlawful and set aside agency actions, findings and conclusions" that are "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." 5 U.S.C. § 706(2). Courts must also set aside final agency actions that are "unsupported by substantial evidence." *Id*.

This inquiry is "narrow and a court is not to substitute its judgment for that of the agency." *Motor Vehicle Mfrs. Ass'n. v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 30 (1983). Instead, a court must determine whether the agency "examine[d] the relevant data

and articulate[d] a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *Id*. at 43 (internal citations and quotation marks omitted). An agency's action is arbitrary and capricious "if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Id*.

"Although [the] inquiry must be thorough, the standard of review is highly deferential; the agency's decision is entitled to a presumption of regularity, and [a court] may not substitute [its] judgment for that of the agency." *San Luis & Delta-Mendota Water Authority v. Jewell*, 747 F.3d 581, 601 (9th Cir. 2014) (internal citations and quotation marks omitted). "Where the agency has relied on relevant evidence such that a reasonable mind might accept as adequate to support a conclusion, its decision is supported by substantial evidence." *Id*. "Even if the evidence is susceptible of more than one rational interpretation, the court must uphold the agency's findings." *Id*.

## II. Analysis

### A. Jurisdiction

In 1996**,** Congress enacted Illegal Immigration Reform and Immigrant Responsibility Act, which stripped federal courts of jurisdiction to hear challenges to certain CIS decisions. *See* 8 U.S.C. § 1252(a)(2)(B)(i)–(ii). Under Ninth Circuit precedent interpreting these provisions, a court lacks jurisdiction over an appeal of a determination by the CIS where "discretion is specified in . . . the statute in question" and the decision is a "matter of pure discretion, rather than discretion guided by legal standards." *Spencer Enter., Inc. v. United States*, 345 F.3d 683, 689–90 (9th Cir. 2003).

Because the decision is committed to the discretion of the Attorney General, courts generally lack jurisdiction to review the discretionary decision to deny an adjustment of status. *See* 8 U.S.C. § 1255(a) ("The status of an alien . . . may be adjusted by the Attorney General, in his discretion . . . to that of an alien lawfully admitted for permanent

residence"); *see also Torres-Valdivias v. Lynch*, 786 F.3d 1147, 1151 (9th Cir. 2015) ("The BIA's ultimate discretionary decision to deny . . .adjustment of status . . . is therefore unreviewable."); *Hosseini v. Gonzales*, 471 F.3d 953, 956–57 (9th Cir. 2006) (same). But if a decision to deny adjustment of status rests on nondiscretionary grounds—such as statutory ineligibility—district courts possess jurisdiction to review that decision. *Mamigonian v. Biggs*, 710 F.3d 936, 938 (9th Cir. 2013) ("We also hold that district courts have jurisdiction to hear cases challenging determinations made on nondiscretionary grounds respecting eligibility for the immigration benefits enumerated in 8 U.S.C. § 1252(a)(2)(B)(i)."). Here, CIS's decision to deny Gajic's Form I-485 Application in April 2017 was explicitly based on discretionary grounds:

> The Service can excuse violations of status under certain circumstances, however, the extended duration of your lapse of status and employment authorization are prohibitive and do not merit the favorable exercise of discretion, especially when considering that you continued to violate your status after all legal proceedings had been concluded in 2013.

(Doc. 19-5 at 10). Accordingly, the Court lacks jurisdiction to review CIS's discretionary decision to deny Gajic's Form I-485 application, which is the only Form I-485 application that Gajic challenges here.

In contrast, there is no similar statutory provision that specifies that the Attorney General has discretionary authority to accept or reject a H1-B application to renew a non-resident permit. Accordingly, the Court has jurisdiction to review CIS's denial of Gajic's I-129 application. *See Hovhannisyan v. U.S. Dep't of Homeland Sec.*, 624 F. Supp. 2d 1335, 1145 (C.D. Cal. 2008) (holding that the court possessed jurisdiction over an appeal of an I-129 application).

### B. Review of the Petitions

Typically, a renewal of an H-1B visa may not be approved once the applicant's lawful status has lapsed. 8 C.F.R. § 214(c)(4).[1] To overcome that barrier, an applicant

---

[1] 8 C.F.R. § 214.1(c)(4) provides, "An extension of stay may not be approved for an applicant who failed to maintain the previously accorded status or where such status expired before the application or petition was filed, except that failure to file before the

must demonstrate that the failure to timely file for renewal was due to extraordinary circumstances beyond the control of the petitioner or applicant, and that the delay in seeking renewal was commensurate with the circumstances. *Id.* An applicant bears the burden of establishing before the agency that the extraordinary circumstances exception applies. *See* 8 U.S.C. § 1361; *Nat'l Hand Tool Corp. v. Pasquarell*, 889 F.2d 1472, 1475 (5th Cir. 1989) ("It is well settled that the applicant for a visa bears the burden of establishing eligibility."). If a petitioner demonstrates that his untimely filing is due to ineffective assistance of counsel, that showing may satisfy the extraordinary circumstances exception. 8 C.F.R. § 214(c)(4). But even if a petitioner proves extraordinary circumstances caused the delay, he must still demonstrate that the delay was commensurate with the circumstances. *Id.*

Plaintiffs here only challenge the decision denying an extension of his H-1B visa dated July 22, 2016. (Doc. 27 at 5).[2]

### 1. H-1B Petition

In Mr. Gajic's most recent application for an extension of his H-1B visa, ElectroMedical argued for the first time that ineffective assistance of counsel caused Mr. Gajic's original visa to lapse. In its decision to deny the extension, CIS explained that extraordinary circumstances due to ineffective assistance of counsel may have caused the

---

period of previously authorized status expired may be excused in the discretion of the Service and without separate application, with any extension granted from the date the previously authorized stay expired, where it is demonstrated at the time of filing that:

(i) The delay was due to extraordinary circumstances beyond the control of the applicant or petitioner, and the Service finds the delay commensurate with the circumstances;

(ii) The alien has not otherwise violated his or her nonimmigrant status;

(iii) The alien remains a bona fide nonimmigrant; and

(iv) The alien is not the subject of deportation proceedings . . ."

[2] In their opening brief, Plaintiffs argue that CIS should have known that the delay in this case was likely caused by ineffective assistance of counsel in previous I-129 applications. (Doc. 25 at 3). However, Plaintiffs bear the burden to raise ineffective assistance as an extraordinary circumstance and concede that they did not do so in those first two petitions. (*Id.* at 4).

- 5 -

filing to be untimely initially but decided that the delay was not commensurate with the circumstances. (Doc. 1-2 at 2–4). CIS pointed to two periods of delay to support its decision.

First, CIS noted that after the request for an extension of stay was denied in September 2009, ElectroMedical waited for more than five years before filling a new request for an extension of stay. (Doc. 1-2 at 3). CIS explained that ElectroMedical "had sufficient notice and time to file an earlier request for extension of stay for the beneficiary." *Id.* Plaintiffs argue here that this fails to consider the fact that the ineffective assistance of counsel was ongoing from 2009 until 2012, when Attorney Salmon stopped representing ElectroMedical. But this fact is not inconsistent with CIS's determination. ElectroMedical does not allege that Andres Benach and Murthy Law—counsel representing the company in the 2013 lawsuit and subsequent applications to CIS—were ineffective. Had ElectroMedical filed an application for an extension of stay in 2012 or shortly after Attorney Salmon stopped representing the company, it could more persuasively argue that the delay was commensurate with the circumstances.

Second, CIS noted that ElectroMedical waited more than a year after the conclusion of their first lawsuit to file a new request for an extension of stay. CIS explained that ElectroMedical "knew or should have known that the unfavorable decision on your lawsuit over the Form I-140 denial left the beneficiary without an opportunity to adjust status to permanent resident." (Doc. 1-2 at 4). Because this delay was not caused by the ineffective assistance of counsel from 2009, CIS concluded that the overall delay in this case was not commensurate with the circumstances. (*Id.*).

Both reasons are sufficient to support CIS's determination that the delay in this case was not commensurate with the circumstances. The Court must uphold CIS's determination because it contains a rational connection between the facts found and the choice made. *State Farm*, 463 U.S. at 42.

Finally, Plaintiffs repeatedly cite to a CIS Guidance document for the proposition that "absent compelling negative factors, an officer should exercise favorable discretion

and approve the application." (Doc. 27 at 11). But this statement, to the extent it is binding on the agency, only applies *after* the agency has determined that the applicant is otherwise eligible for the change in status. Because the agency determined that the delay in this case was not commensurate with the circumstances, Gajic is ineligible for an adjustment in status, and this guidance language is inapplicable.

### 2. I-485 Petition

Plaintiffs argue that this Court has jurisdiction to review CIS's denial of the I-485 application. To the extent that CIS's decision rested upon a discretionary determination that the Plaintiffs' were not eligible for an adjustment of status, this Court lacks jurisdiction to review that discretionary decision. *See Torres-Valdivias,* 786 F.3d at 1151. But because CIS did not err when it denied the request for an extension of Gajic's H-1B visa, it necessarily did not err as a legal matter to the extent it denied ElectroMedical's request for a I-485 request on that same basis. The Court must therefore uphold the determination of the CIS.

## CONCLUSION

The Court lacks jurisdiction to review CIS's discretionary denial of ElectroMedical's I-485 Petition. ElectroMedical's remaining challenges to the decisions lack merit.

**IT IS THEREFORE ORDERED** that the determinations of CIS are **AFFIRMED.**

**IT IS FURTHER ORDERED** directing the Clerk of Court to dismiss this action and enter judgment accordingly.

Dated this 16th day of April, 2019.

G. Murray Snow
Chief United States District Judge